# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | | |
|---|---|---|
| EMILY LEY PAPER, INC., d/b/a SIMPLIFIED, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; UNITED STATES OF AMERICA; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; PETE R. FLORES, in his official capacity as Acting Commissioner for U.S. Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 25-00096 |
| *Defendants.* | ) | |

## <u>ORDER</u>

Pursuant to defendants' motion to stay proceedings, it is hereby

ORDERED that this case is stayed pending a final, unappealable decision in *V.O.S.*

*Selections, Inc. et al. v. United States et al.*, Case No. 25-00066 (Ct. Int'l Trade), Appeal No.

2025-1812 (Fed. Cir.), and *The State of Oregon et al. v. United States Department of Homeland*

*Security et al.*, Case No. 25-00077 (Ct. Int'l Trade), Appeal No. 2025-1813 (Fed. Cir.); and it is

further

ORDERED that the parties shall file a joint status report within 60 days of the final

resolution of *V.O.S.* and *Oregon*.


Dated: _____                                    _____
        New York, NY                                              JUDGE

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:

| | | |
|---|---|---|
| EMILY LEY PAPER, INC., d/b/a<br>SIMPLIFIED,<br><br>       *Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity<br>as President of the United States; EXECUTIVE<br>OFFICE OF THE PRESIDENT; UNITED STATES<br>OF AMERICA; KRISTI NOEM, in her official<br>capacity as Secretary of the U.S. Department of<br>Homeland Security; DEPARTMENT OF<br>HOMELAND SECURITY; PETE R. FLORES,<br>in his official capacity as Acting Commissioner for<br>U.S. Customs and Border Protection; and<br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>       *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 25-00096 |

## <u>MOTION TO STAY PROCEEDINGS</u>

Pursuant to Rules 1 and 7 of the Rules of the Court, defendants respectfully request that the Court stay proceedings in this case until 60 days after there is a final, unappealable decision in *V.O.S. Selections, Inc. et al. v. United States et al.*, Case No. 25-00066 (Ct. Int'l Trade), Appeal No. 2025-1812 (Fed. Cir.), and *The State of Oregon et al. v. United States Department of Homeland Security et al.*, Case No. 25-00077 (Ct. Int'l Trade), Appeal No. 2025-1813 (Fed. Cir.). A stay of proceedings is warranted because an appellate ruling would be binding on plaintiff's claims in this Court, and the interests of judicial economy and conservation of resources would be served by not having to engage in unnecessary briefing that will be rendered moot by final resolution of *V.O.S.* and *Oregon*. At a minimum, defendants request that the Court limit briefing to the issue of whether this Court possesses jurisdiction to consider this matter.

Should this Court deny the motion to stay proceedings, defendants request to forgo answering plaintiff's complaint, as was the case in *V.O.S.* and *Oregon*. If the Court requires defendants to answer, defendants request that they be permitted to answer or otherwise respond to the complaint within 21 days of any order denying this motion to stay. Counsel for plaintiff, Andrew Morris, represented his opposition to this request for a stay on June 2, 2025.

## BACKGROUND

Plaintiff, an importer of Chinese day planners, filed a complaint in the Northern District of Florida on April 3, 2025, challenging the President's invocation of the International Emergency Economic Powers Act (IEEPA) to impose tariffs on imports from China in response to the flow of illicit drugs like fentanyl across through the nation's borders. Compl., ECF No. 1. Defendants moved to transfer and, on May 20, 2025, the district court granted the motion, ordering the case transferred to this Court. ECF No. 37. On May 23, 2025, the Court docketed the transfer. ECF No. 41.

Shortly after plaintiff filed its complaint in district court, two suits were also filed in this Court challenging the President's imposition of tariffs under IEEPA—*V.O.S.* and *Oregon*. Those plaintiffs collectively argued that Executive Orders 14,257, 14,193, 14,194, 14,195, and related amending orders, are unlawful. *V.O.S.*, Compl., ECF No. 2; *Oregon*, Compl., ECF No. 2.

The *V.O.S.* plaintiffs filed an omnibus motion for a temporary restraining order, preliminary injunction, and summary judgment. On May 6, 2025, the parties completed briefing on the motion. *V.O.S.*, ECF No. 35. The Court held a hearing on May 13, 2025. *V.O.S.*, ECF No. 50. The *Oregon* plaintiffs, meanwhile, filed a motion for a preliminary injunction, which the Court construed as a motion for summary judgment. *Oregon*, ECF Nos. 14, 15, and 18. On May 20, 2025, the parties completed briefing on the motion. *Oregon*, ECF No. 47. The Court held a

hearing on May 21, 2025. *Oregon*, ECF No. 59.

On May 28, 2025, the Court granted judgment in favor of plaintiffs, holding invalid as contrary to law Executive Orders 14,193, 14,194, 14,195, 14,257, and all modifications and amendments thereto. Slip Op. 25-66; *V.O.S.*, ECF Nos. 55, 56; *Oregon*, ECF Nos. 65, 66. In a single decision addressing both *V.O.S.* and *Oregon*, the Court first declared its exclusive jurisdiction to hear the actions under 28 U.S.C. § 1581(i). *Id.* at 17-19. The Court then held that IEEPA does not authorize the tariffs first imposed by Executive Order 14,257, and that the opioid-related tariffs do not deal with the declared threats. *Id.* at 48. The accompanying judgments further enjoined the operation of the Executive Orders on a nationwide basis. *V.O.S.*, ECF No. 56; *Oregon*, ECF No. 66.

Subsequent to judgment, the *V.O.S.* and *Oregon* defendants filed notices of appeal with the Federal Circuit and motions to stay this Court's injunction pending appeal in both this Court and the Federal Circuit. On May 29, 2025, the Federal Circuit, sitting en banc, consolidated the *V.O.S.* and *Oregon* appeals and temporarily stayed this Court's injunction to allow it to further consider the Government's stay motions. *V.O.S.* Appeal, ECF No. 7. Yesterday, June 3, 2025, this Court held in abeyance defendant's motions to stay the injunction in *V.O.S.* and *Oregon*, pending the Federal Circuit's decision on the similar motions filed in the respective appeals. *V.O.S*, ECF No. 63; *Oregon*, ECF No. 73.

**ARGUMENT**

Proceedings in this case should be stayed because this case will be governed by the outcome of the pending appeal in *V.O.S.* and *Oregon*. The claims are identical (except for plaintiff's position that this Court lacks jurisdiction over the case). This Court possesses inherent power to stay proceedings in one action pending the resolution of another which, "even if it

should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved." *Landis v. N. Am. Co.*, 299 U.S. 248, 253-54 (1936). Although the Court may weigh a variety of factors when considering whether to grant a stay of proceedings in a case, the basis for a stay is especially strong when it would "simplif[y] the 'issues, proof, and questions of law, which could be expected to result from a stay.'" *Unionbancal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). In particular, when an appellate ruling on a legal issue is likely to have binding effect in another pending case, the reason for a stay of proceedings is "at least a good one, if not an excellent one." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist*, 559 F.3d 1191, 1196 (11th Cir. 2009).

Decisions concerning when and how to stay further proceedings in a case rest "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted); *Giorgio Foods, Inc. v. United States*, 37 C.I.T. 152, 154 (Ct. Int'l Trade 2013) ("A stay is granted at the court's discretion and must take into consideration the interests of judicial economy and efficiency") (citing *Landis v. North Am. Co.*, 299 U.S. 248, 257 (1936)). In exercising that discretion, the court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55; *see also Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1333–34 (Ct. Int'l Trade 2013) (listing U.S. Court of International Trade decisions evaluating motions to stay proceedings).

A stay of proceedings is warranted here. Plaintiff's amended complaint raises issues identical to those addressed in *Oregon* and *V.O.S.*—cases which are already on consolidated appeal to the Federal Circuit. As a result, any final decision in *V.O.S.* and *Oregon* would be binding and control the disposition of this matter. A stay of proceedings would thus "promote

the interests of judicial economy and conserve the resources of the parties as well as the court."
*Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1336 (Ct. Int'l Trade 2013).  It
would be manifestly inefficient and a waste of judicial resources for the case to proceed to
judgment when there is a consolidated case on appeal that will fully resolve the issues in this
case.  *See Diamond Sawblades Mfrs.' Coal. v. United States*, 34 C.I.T. 404, 407 (Ct. Int'l Trade
2010) (continuing a stay of proceedings where "the court and each of the litigants . . . risk
expending substantial resources on litigation that may ultimately prove to be irrelevant" due to a
pending Federal Circuit appeal in another case).  This is particularly so given that the parties
have not yet begun to engage in substantive briefing for this case.

  Plaintiff has indicated that it intends to contest the Court's jurisdiction, but the Court has
already held—in its decision in *V.O.S.* and *Oregon*—that it has exclusive jurisdiction to hear
challenges to the IEEPA tariffs.  Slip Op. at 17-19.  The Court in *V.O.S.* and *Oregon* further
clarified in a subsequent order that it, not the district court, has exclusive jurisdiction because the
"challenged Tariff Orders are 'law[s] of the United States providing for' tariffs," and "also effect
changes to the Harmonized Tariff Schedule of the United States."  *V.O.S.*, ECF No. 63 at 3.  To
the extent the Court is inclined to deny a stay to allow plaintiffs to raise jurisdictional arguments,
defendants request that the Court limit the parties' briefing to whether this Court possesses
jurisdiction, given that it would be a waste of resources to require the parties to engage in merits
briefing in light of this Court's decision in *V.O.S.* and *Oregon*.

  The Court has handled other Presidential tariff cases by granting similar stays.  The Court
stayed follow-on cases challenging tariffs imposed under Section 232 of the Trade Expansion
Act of 1962 and Section 301 of Trade Act of 1974.  *See, e.g.*, *Tata International Metals
(Americas) Ltd. et al. v. United States*, Case No. 20-00019, ECF No. 14 (staying individual case

until final resolution of *Transpacific Steel LLC v. United States*, Case No. 19-00009); *In re Section 301 Cases*, Case No. 21-00052; *In re: Procedures for Entering a Stay in New Section 301 Cases*, Administrative Order 21-02 (Apr. 28, 2021) (staying thousands of cases until lead case resolved identical legal challenge to Presidential action).

Indeed, this Court frequently stays proceedings in situations where there is a pending appeal before the Federal Circuit that is likely to resolve the disposition of a plaintiff's claims. *See*, *e.g.*, *RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1284–85 (Ct. Int'l Trade 2011) (granting stay pending resolution of important question of law before the Federal Circuit, noting "the delay will not continue for an indefinite period" and stay will "promote judicial economy and preserve the resources of the parties and the court"); *NTN Bearing Corp. of Am. v. United States*, 36 C.I.T. 846, 848 (Ct. Int'l Trade 2012) (granting stay pending litigation before the Federal Circuit that is "likely to affect the disposition of plaintiffs' claim," finding stay will "serve the interest of judicial economy and conserve the resources of the parties"); *Deacero S.A.P.I. de C.V. v. United States*, 2015 WL 4909618, at *4, *9 (Ct. Int'l Trade 2015) (granting stay because it "promotes judicial economy" and the case "will not go forward if the Federal Circuit affirms").

Plaintiff will not suffer damage or hardship from a stay.  Regardless of whether the Court's injunction in *V.O.S.* and *Oregon* is stayed pending appeal, plaintiff will not be harmed by a stay of this litigation because defendants have previously represented several times that they will not oppose reliquidation for tariffs paid before a final decision.  Rather, because the parties have yet to file any briefs on the merits, a stay will allow both parties to conserve resources by avoiding duplicative briefing of issues that will be resolved in the *V.O.S.* and *Oregon* appeals.

For these reasons, defendants respectfully request that the Court stay proceedings in this case until 60 days after final, non-appealable decisions in *V.O.S.* and *Oregon*. If this Court denies the motion to stay, defendants respectfully request that they be permitted to forgo answering plaintiff's amended complaint or, at a minimum, be allowed to answer the amended complaint within 21 days of the Court's order denying the stay and request to forgo answering the complaint. Finally, defendants request that, if the Court denies the motion to stay, it limit the parties' briefing to jurisdictional issues.

DATED: June 4, 2025                           Respectfully submitted,

OF COUNSEL:                                   YAAKOV M. ROTH
                                              Acting Assistant Attorney General

ALEXANDER K. HAAS
Director                                      ERIC J. HAMILTON
                                              Deputy Assistant Attorney General

STEPHEN M. ELLIOTT
Assistant Director                            PATRICIA M. McCARTHY
U.S. Department of Justice                    Director
Civil Division
Federal Programs Branch                       /s/ Claudia Burke
                                              CLAUDIA BURKE
                                              Deputy Director

                                              /s/ Justin R. Miller
                                              JUSTIN R. MILLER
                                              Attorney-In-Charge
                                              International Trade Field Office

                                              /s/ Blake W. Cowman
                                              BLAKE W. COWMAN
                                              Trial Attorney
                                              SOSUN BAE
                                              Senior Trial Counsel
                                              LUKE MATHERS
                                              CATHERINE M. YANG
                                              COLLIN T. MATHIAS
                                              Trial Attorneys
                                              U.S. Department of Justice
                                              Civil Division
                                              Commercial Litigation Branch
                                              PO Box 480, Ben Franklin Station
                                              Washington, DC 20044
                                              (202) 353-2494
                                              Blake.W.Cowman@usdoj.gov

                                              *Attorneys for Defendants*