## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| EMILY LEY PAPER, INC., d/b/a SIMPLIFIED, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*. <br><br> *Defendants*. | No. 25-00096-GSK-TMR-JAR |

## **PROPOSED ORDER**

Upon consideration of Plaintiffs' Motion to Reconsider and Vacate Order Staying Proceedings ("Plaintiffs' Motion"), and any response thereto, it is hereby—

**ORDERED** that Plaintiffs' Motion is granted; and it is further

**ORDERED** that this Court's Order Staying Proceedings (ECF 46) is hereby **VACATED**.

_____
JUDGE

New York, New York
Dated: _____, 2025

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| EMILY LEY PAPER, INC., d/b/a SIMPLIFIED, *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br>*Defendants*. | No. 25-00096-GSK-TMR-JAR |

## PLAINTIFFS' MOTION TO RECONSIDER AND VACATE ORDER STAYING PROCEEDINGS

Andrew J. Morris
John J. Vecchione
New Civil Liberties Alliance
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
(202) 869-5210
andrew.morris@ncla.legal
john.vecchione@ncla.legal

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i
INTRODUCTION AND SUMMARY ....................................................................................... 1
THE COURT'S STAY ORDER.................................................................................................. 2
LEGAL STANDARDS ............................................................................................................... 3
ARGUMENT ............................................................................................................................... 4
    I.    THE COURT SHOULD RECONSIDER AND VACATE THE STAY ORDER TO AVOID PREJUDICE TO PLAINTIFFS.............................................................................. 4
        A.    Plaintiffs' Jurisdictional Challenge Is a Threshold Defense That Precludes a Stay and Is Not Included in *V.O.S. Selections*............................................... 4
        B.    Courts Have Fractured on the Correct Analysis of Jurisdiction ................................ 4
        C.    In Addition to Improperly Delaying Their Challenge to Jurisdiction in This Court, a Stay Prejudices Plaintiffs in Other Ways ....................................... 6
    II.    DEFENDANTS HAVE NOT SHOWN A "CLEAR HARDSHIP" THAT COULD OUTWEIGH THE PREJUDICE A STAY INFLICTS ON PLAINTIFFS............................................................. 8
        A.    Defendants Have Not Identified *Any* Hardship from Having to Continue Defending Against Plaintiffs' Claims........................................................... 8
        B.    Defendants Seek a Stay to Obtain a Benefit: to Stall Litigation While the Government Uses the Unlawful Tariffs as Bargaining Leverage ............................ 10
CONCLUSION...........................................................................................................................11
CERTIFICATE OF CONFERENCE ....................................................................................... 12
CERTIFICATE OF COMPLIANCE........................................................................................ 12

i

Pursuant to USCIT Rule 54(b), Plaintiffs respectfully move the Court to reconsider and vacate the Court's Order Staying Proceedings ("Stay Order"), ECF 46 (June 16, 2025). The Court issued the Stay Order before the due date for Plaintiffs' Response to Defendant's Motion to Stay Proceedings, which was June 25, 2025.

## INTRODUCTION AND SUMMARY

This Court should reconsider and vacate its Stay Order. The Stay Order improperly prevents Plaintiffs from raising their threshold jurisdictional challenge, while Defendants have failed to demonstrate the hardship necessary to justify a stay.

The central issue is Plaintiffs' challenge to this Court's jurisdiction—a challenge the pending appeal in *V.O.S. Selections, Inc. v. United States* and *Oregon v. U.S. Department of Homeland Security* ("*V.O.S. Selections*") will not resolve. Even Defendants recognize the importance of this threshold issue by proposing, as an alternative ruling on their Motion to Stay: "At a minimum, defendants request that the Court limit briefing to the issue of whether this Court possesses jurisdiction to consider this matter." ECF 44 at 1.

Because Plaintiffs challenge this Court's jurisdiction, and also assert an affirmative claim not included in *V.O.S. Selections*, Defendants must show that they would suffer "clear hardship" from continuing to defend this case. But Defendants' Motion to Stay does not identify any hardship at all. Instead, Defendants rely entirely on an appeal to judicial economy—claiming without any specifics that a stay would benefit the Court. Judicial economy can indeed weigh in favor of a stay *if* the movant meets other requirements for a stay, but here Defendants do not meet any of the other requirements. As this Court recently explained, where a plaintiff challenges jurisdiction, the court should not stay the case in the name of judicial economy "before assessing whether [the plaintiff] is properly before the court." *Bldg. Sys. de Mex, S.A. de C.V. v. United States*, 463 F. Supp. 3d 1344, 1348 (Ct. Int'l Trade 2020).

Defendants' real motivation in seeking a stay is to obtain an improper *benefit*. As filings in other tariff litigation state, the Government seeks to delay cases challenging the IEEPA Executive Orders so it can use the unlawful tariffs as leverage in negotiations with other countries. But under the long-established standards governing Defendants' Motion, that is not a permissible ground for a stay.

The prejudice to Plaintiffs is even worse than the delay of their right to challenge jurisdiction now and, if their challenge succeeds, to proceed with their case in another court. If this case is stayed until a final, unappealable decision in *V.O.S. Selections*, it will be far too late for Plaintiffs to begin challenging jurisdiction in this Court, and if the challenge succeeds, to press their claims in another court. By then, Plaintiffs will have suffered ongoing financial injuries that, to say the least, threaten their continued existence. Most of their injuries will never be recoverable from the Government as damages. In these dire circumstances, Plaintiffs have a right to make their jurisdiction challenge now and advance the claim that is not included in *VOS Selections*.

## THE COURT'S STAY ORDER

On June 16, 2025, the Court issued the Stay Order "[p]ursuant to Defendants' Motion to Stay Proceedings." ECF 46. The Order stated that "this case is stayed pending a final, unappealable decision in V.O.S. Selections, Inc. v. United States, Case No. 25-00066 (Ct. Int'l Trade), Appeal No. 2025-1812 (Fed. Cir.), and Oregon v. U.S. Dep't of Homeland Security, Case No. 25-00077 (Ct. Int'l Trade), Appeal No. 2025-1813 (Fed. Cir.)." ECF 46. The Court issued the Stay Order before the due date for Plaintiff's response to Defendant's Motion to Stay. Under USCIT Rule 7(d), that response was not due until June 25, 2025.

2

## LEGAL STANDARDS

### The standard for motions for reconsideration of an order

Under USCIT Rule (R.) 54(b), "any order or other decision … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Irwin Indus. Tool Co. v. United States*, 269 F. Supp. 3d 1294, 1300 (Ct. Int'l Trade 2017) (quoting USCIT R. 54(b)). "A court may reconsider a non-final judgment pursuant to USCIT Rule 54 as justice requires, meaning when the court determines that reconsideration is necessary under the relevant circumstances." *Irwin Indus. Tool Co.*, 269 F. Supp. 3d at 1300–01 (citations and internal quotation marks omitted). "The grounds for reconsideration include … the need to prevent manifest injustice" as well as whether the court "previously 'patently' misunderstood the parties," *id.* at 1300 (citations and internal quotation marks omitted), or "has made an error … of apprehension" about the relevant cases, *Thomas v. United States*, No. 10-303C, 2013 WL 514522, at *2 (Fed. Cl. Feb. 8, 2013) (internal citation omitted).

### The standard for motions to stay litigation

If there is "even a fair possibility that the stay" will prejudice the nonmovants, the burden "lies heavily" on Defendants to show a "*pressing* need" for a stay by establishing "a *clear* case of *hardship* or *inequity* in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (emphasis added). *See also Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Landis*; vacating stay order as an abuse of discretion).

## ARGUMENT

I. **THE COURT SHOULD RECONSIDER AND VACATE THE STAY ORDER TO AVOID PREJUDICE TO PLAINTIFFS**

   A. **Plaintiffs' Jurisdictional Challenge Is a Threshold Defense That Precludes a Stay and Is Not Included in *V.O.S. Selections***

Plaintiffs filed this action in the United States District Court for the Northern District of Florida, which granted Defendants' motion to transfer the case to this Court. ECF 37. Plaintiffs seek to continue to contest subject-matter jurisdiction in this Court. Denying Plaintiffs the opportunity to make this challenge without the delay of a stay constitutes a "manifest injustice," *Irwin Indus. Tool Co.*, 269 F. Supp. 3d at 1300, in particular because a threshold challenge to jurisdiction should defeat a motion to stay, *see Bldg. Syst. de Mex.*, 463 F. Supp. 3d at 1348 (denying motion to stay).[1]

*Building Systems De Mexico* shows that staying a case where a plaintiff is challenging jurisdiction inflicts harm that is impermissible under *Landis*. As the court explained, "it makes little sense to stay the case in the name of promoting judicial economy before assessing whether [plaintiff's] challenge is properly before the court." 463 F. Supp. 3d at 1348 (citing *Landis*, 299 U.S. at 255). The same is true here. Before any stay is imposed, Plaintiffs are entitled to a threshold decision of whether they even belong in this Court.

   B. **Courts Have Fractured on the Correct Analysis of Jurisdiction**

Plaintiffs' jurisdiction challenge is particularly important because the issue is unsettled, and would be a question of first impression in the Federal Circuit. The question is the proper

---

[1] Reconsideration of the Stay Order is further warranted because it appears that the Order reflects a "misunderst[anding,]," *Irwin Indus. Tool Co.*, 269 F. Supp. 3d at 1301, or "an error … of apprehension" about the relevant cases, *Thomas*, 2013 WL 514522, at *2 (internal quotation mark omitted).

4

application of 28 U.S.C. § 1581(i)(1), which assigns the CIT exclusive jurisdiction over "any civil action commenced against the United States … that arises out of any law of the United States providing for … tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." § 1581(i)(1). Courts that have applied § 1581 to the IEEPA Executive Orders have fractured on the answer.

The panel in *V.O.S. Selections* found that this Court had jurisdiction, but the issue was not contested or briefed. ECF 63 at 3. The panel based jurisdiction directly on the challenged Executive Orders, stating that "an action involving a challenge to a presidential action that imposes tariffs … is one that arises from 'a law providing for' those measures.'" *Id*. (citation modified). Jurisdiction is not part of the pending appeal.

The issue has been litigated in four other courts, and each of them articulated a different jurisdiction analyses from the others and from *V.O.S. Selections*. The U.S. District Court for the Northern District of Florida, where Plaintiffs filed this action, ruled that the CIT has exclusive jurisdiction because this action "arises out of" IEEPA. ECF 37 at 8. The court concluded that "IEEPA is a law providing for tariffs," *id*. at 10 (quoting 28 U.S.C. § 1581(i)(1)) (citation modified). The Court transferred the action to this Court. ECF 37 at 18.

The U.S. District Court for the District of Columbia concluded that jurisdiction does not lie in the CIT. In *Learning Resources v. Trump*, the court concluded that the action "arose out of IEEPA," No. 25-cv-01248, 2025 WL 152376, *6 (D.D.C. May 29, 2025) (citation modified), *appeal docketed*, No 25-5202 (D.C. Cir. May 30, 2025), and that IEEPA is not a "law providing for tariffs," so that jurisdiction did not lie in the CIT, *id*. at *13 (citation modified). The U.S. District Court for the Northern District of California took still another tack. In *California v. Trump*, No. 25-cv-03372, 2025 WL 1569334 (N.D. Cal. June 2, 2025), *appeal docketed*, No. 25-

5

3493 (9th Cir. June 3, 2025), it concluded that the action arose out of the executive orders, but deemed them "provisions of law" because of 19 U.S.C. § 3004(c)(1)(A) (which states that "provisions of the Harmonized Tariff Schedule[s]" "shall be considered to be statutory provisions of law for all purposes"). 2025 WL 1569334, at *1, *4. It held that jurisdiction lay in the CIT. *Id*. at *4.

The U.S. District Court for the District of Montana addressed a challenge to the same Executive Orders in *Webber v. Department of Homeland Security*, 25-26-GF, 2025 WL 1207587 (D. Mont. April 25, 2025). Those plaintiffs, however, asserted a claim under § 232 of the Trade Act of 1962, a law that indisputably "provide[s]" for tariffs. *Id.* at *4. In dictum, the court went on to address jurisdiction under IEEPA, taking yet another approach to the question. It held that jurisdiction lay in the CIT based on a Ninth Circuit case addressing the Trading with the Enemy Act, *Cornet Stores v. Morton*, 632 F.2d 96, 97, 99–100 (9th Cir. 1980), and on *United States v. Yoshida Int'l, Inc.*, 526 F.2d 560, 584 (C.C.P.A. 1975). *See Webber*, 2025 WL 1207587 at *4–*5.

In light of this unsettled legal landscape, it would be especially inequitable to delay Plaintiffs' ability to assert their jurisdictional challenge.

### C. In Addition to Improperly Delaying Their Challenge to Jurisdiction in This Court, a Stay Prejudices Plaintiffs in Other Ways

As a practical matter, the stay denies Plaintiffs the opportunity to litigate their jurisdiction defense in time to obtain any meaningful relief. A stay also denies them a realistic opportunity to litigate their claim that IEEPA does not authorize the President to impose *any* tariffs. ECF 20 (Am. Compl.) ¶¶ 51–61. That claim is not included in the *V.O.S. Selections* appeal, which will address the CIT panel's more modest holding that IEEPA does not authorize the President to order unlimited tariffs. *See* ECF 55 at 36.

6

Nor is it equitable for Plaintiffs to be bound to the extent the *V.O.S. Solutions* appeal does resolve issues in this case. To the extent Plaintiffs must sit on the sidelines while issues in this case are litigated in *V.O.S. Solutions*, Plaintiffs are dependent on the litigation strategy, competence, or resources of the *V.O.S. Selections* plaintiffs and counsel. In effect, the stay transfers to those non-parties some degree of control over Plaintiffs' legal rights. Nor should Plaintiffs be compelled to assume the *V.O.S. Selections* plaintiffs fully represent Plaintiffs' interests. Those plaintiffs have different priorities and resources, which can affect their strategic approaches to litigating their claims.

Plaintiffs also will suffer further prejudice from a stay because they cannot begin to litigate their threshold defense or their additional claim until the stay expires. In the meantime, Plaintiffs must suffer the consequences of the unlawful tariffs. The harm Plaintiffs will continue to suffer extends well beyond the dollar amount of the tariffs paid. It includes lost customers and market share due to tariff-induced price increases, and the resulting need to reduce operations or find alternate—and inevitably costly—sources of cash flow. Some will be forced to close their doors or operate at a loss, at least for as long as they can afford to sustain operating losses. *See* ECF 20 (Am. Compl.) ¶¶ 13–17 (describing injuries to Plaintiffs). Plaintiffs cannot recover compensation for these injuries, because the most they can receive in damages in future litigation is a refund of the tariffs themselves. In sum, the prejudice Plaintiffs will suffer from a stay far exceeds the "fair possibility" of harm that should rule out a stay, *Landis*, 299 U.S. at 255, and outweigh any burden on Defendants from defending this litigation.

## II. DEFENDANTS HAVE NOT SHOWN A "CLEAR HARDSHIP" THAT COULD OUTWEIGH THE PREJUDICE A STAY INFLICTS ON PLAINTIFFS

### A. Defendants Have Not Identified *Any* Hardship from Having to Continue Defending Against Plaintiffs' Claims

Because Plaintiffs will suffer prejudice from a stay, Defendants must show they would suffer "clear hardship" from continuing to defend this case. *Landis*, 299 U.S. at 255. This is a heavy burden. *Landis*, 299 U.S. at 254 (the burden "lies heavily on" the moving party). But Defendants fail this requirement outright, because they do not contend they will experience *any* hardship from continuing to defend against this action.

Instead, they base their stay request entirely on judicial economy. ECF 44 at 1, 4–5. While judicial economy indeed can weigh in favor of a stay if the gain would be substantial (which Defendants do not show), judicial economy cannot satisfy the requirement that Defendants show that defending this case would be a "clear hardship." *See Bldg. Sys. de Mex.*, 463 F. Supp. 3d at 1348. Defendants cite no precedent suggesting judicial economy can justify a stay without considering prejudice to the nonmoving party. In fact, Defendants' primary authority, *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010), reiterated the *Landis* requirement that the court must consider "the interests of the parties, weighing any competing interests." *Id.* (citing *Landis*, 299 U.S. at 255). *UnionBanCal Corp.* also is inapposite on its facts. Unlike Plaintiffs here, the plaintiff in that case was not challenging jurisdiction and did not assert it was suffering ongoing financial injury during the proposed stay. Defendants' other citations in support of their judicial-economy argument are equally inapposite.[2]

---

[2] In *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist*, 559 F.3d 1191 (11th Cir. 2009), the parties to the stayed case also were parties to the case that was the basis for the stay.

Defendants also cite authorities stating that trial courts have certain discretion in granting stays. ECF 44, at 5.[3] Of course, courts have some discretion, but it is cabined by the specific limitations described in *Landis* and its progeny. *See Landis*, 299 U.S. at 255 (stating that a stay is warranted only if movant shows "a pressing need" for a stay and "a clear case of hardship" from defending the case); *Cherokee Nation*, 124 F.3d at 1416 (requiring courts to "identify a pressing need for the stay" and to "balance interests favoring a stay against interests frustrated by the action"). *I*n particular, as also explained above, a stay is not appropriate when it prejudices the nonmoving plaintiffs by delaying plaintiff's assertion of a challenge to jurisdiction. *Bldg. Sys. de Mex.,* 463 F. Supp. 3d at 1346, 1348 (noting limits on discretion and denying motion to stay).

Defendants note the Court has stayed "other presidential tariff cases," ECF 44 at 6, but again they cited irrelevant cases. One involved a stay granted at the parties' consent, *Tata International Metals (Americas) Ltd. v. United States*, No. 20-00019, ECF 14*,* and the other a large set of cases for which the Court had established a single administrative structure including a large Plaintiffs' Steering Committee and a designated single "Master Case," *In re Section 301 Cases*, Case No. 21-00052, slip op. 23-35 (Ct. of Int'l Trade Mar. 17, 2023). *See also In re: Procedures for Entering a Stay in New Section 301 Cases*, Administrative Order 21-02 (Apr. 28, 2021). Other examples of stays that Defendants cite, ECF 44 at 7, also are factually inapposite because they did not involve any prejudice to the nonmoving party.[4]

---

*Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1333–34 (Ct. Int'l Trade 2013), did not involve any plaintiffs that would suffer prejudice from the delay. The same was true in *Diamond Sawblades Mfrs.' Coal. v. United States*, 34 C.I.T. 404, 407 (2010). Besides, the parties had consented to a stay that was in place, and the court was denying a motion to lift the stay. *Id.*
[3] In *Giorgio Foods, Inc. v. United States*, 37 C.I.T. 152, 154 (2013), the court stated that, when exercising discretion, the court must "weigh competing interests and maintain an even balance."
[4] *See RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1283 (Ct. Int'l Trade 2011) ("the requested stay will not harm or prejudice any party"); *NTN Bearing Corp. of Am. v.*

9

### B. Defendants Seek a Stay to Obtain a Benefit: to Stall Litigation While the Government Uses the Unlawful Tariffs as Bargaining Leverage

One might wonder why Defendants moved for a stay when they will not suffer the "clear hardship" required to overcome the prejudice a stay will inflict on Plaintiffs. The explanation lies in the Government's broader strategy of stalling litigation while it uses the unlawful tariffs as leverage to negotiate with the many countries affected by them. Defendants stressed this goal in *V.O.S. Selections*, where they opposed an injunction on the grounds that "the United States is currently in sensitive trade negotiations with a multitude of countries." ECF 32 at 43. They repeated the theme when they moved for a stay in *Learning Resources*, asserting that the preliminary injunction the Court had granted for just two plaintiff companies was "harmful in ongoing trade negotiations," which they contended should not "grind to a halt … before appellate review of" the district court's decision. ECF 41 at 14. Under the governing standards described above, Defendants' desire to obtain leverage in trade negotiation does not constitute a valid basis for a stay.

Defendants' strategy shifts the crushing ongoing costs of delay from the Government onto those who can least afford them—inflicting the kind of injustice described by the proverb "when elephants fight, it is the grass that suffers." In the context of a motion to stay, however, governing standards prevent elephants from trampling others in the pursuit of unlawful objectives. Under those standards, Defendants cannot obtain a stay if even a "fair possibility" exists that it will prejudice Plaintiffs. *Landis*, 299 U.S. at 255. As explained above, see section I.C., the stay of this

---

*United States*, 36 C.I.T. 846, 850 (2012) ("no showing of harm resulting from the proposed stay has been made"); *Deacero S.A.P.I. de C.V. v. United States*, No. 14-00205, 2015 WL 4909618, at *9 (Ct. Int'l Trade 2015) (finding no harm but delay and inefficiency, which is speculative and thus insufficient to defeat a stay).

10

case presents much more than a "fair possibility" of prejudice to Plaintiffs. Prejudice is certain. The stay denies Plaintiffs the right even to determine whether they are in the correct court before it is too late for them to obtain any relief, and forces them to suffer ongoing damage from the tariffs while the case is stayed. Under *Landis*, 299 U.S. at 255, and *Cherokee Nation*, 124 F.3d at 1416, a stay that inflicts such prejudice on Plaintiffs is not permissible.

## CONCLUSION

For the reasons discussed above, Plaintiffs request that the Court reconsider and vacate the Court's Order Staying Proceedings (ECF 46).

DATED: June 24, 2025    Respectfully submitted,

/s/ *Andrew J. Morris*
Andrew J. Morris
John J. Vecchione
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
Tel.: (202) 869-5210
andrew.morris@ncla.legal
john.vecchione@ncla.legal

*Counsel for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules 7(b)(1)(C) and (f), I hereby certify that I inquired of all non-moving parties if they object to this motion and the relief sought herein. On June 24, 2025 at 6:31 am, I emailed Blake W. Cowman, counsel for Defendants. and requested Defendants' position on agreeing to the relief requested in this motion. Mr. Cowman responded that Defendants will oppose the motion.  A proposed order stating the relief Plaintiffs seek is attached.

*/s/ Andrew J. Morris*

**CERTIFICATE OF COMPLIANCE**

I hereby certify the foregoing motion complies with the word limitations briefs set forth in USCIT Chambers Procedure 2(B)(1)a. because it contains 3,394 words, which is less than the 14,000 words permitted for briefs in this Court.

*/s/ Andrew J. Morris*