# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE GARY S. KATZMANN, JUDGE
          THE HONORABLE TIMOTHY M. REIF, JUDGE
          THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| EMILY LEY PAPER, INC., d/b/a SIMPLIFIED, ET AL., <br><br> *Plaintiffs,* <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; EXECUTIVE OFFICE OF THE PRESIDENT; UNITED STATES OF AMERICA; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; RODNEY S. SCOTT, in his official capacity as Commissioner for U.S. Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION, <br><br> *Defendants.* | No. 25-00096 |

## DEFENDNANT'S OPPOSITION TO MOTION FOR RECONSIDERATION

Pursuant to Rule 7 of the Rules of the Court, defendants respectfully oppose the motion to reconsider and vacate the Court's order staying proceedings, filed by plaintiffs, Emily Ley Paper, Inc., *et al.* ECF No. 47. Plaintiffs contend a stay is unwarranted because they have a right to litigate the question of jurisdiction immediately. This does not meet the high standard for reconsideration, especially where the Court has already held that it has jurisdiction in a materially identical case for purposes of jurisdiction, now on appeal, and where plaintiffs do not demonstrate any harm stemming from the stay, much less manifest error. For the reasons below, we respectfully request that the Court deny the motion.

**I.      Background**

On June 4, 2025, defendants requested that the Court stay proceedings pending resolution of *V.O.S. Selections, Inc. et al. v. United States et al.*, Case No. 25-00066 (Ct. Int'l Trade), Appeal No. 2025-1812 (Fed. Cir.), and *The State of Oregon et al. v. United States Department of Homeland Security et al.*, Case No. 25-00077 (Ct. Int'l Trade), Appeal No. 2025-1813 (Fed. Cir.). ECF No. 44. On the merits, defendants noted that plaintiffs' amended complaint raises issues that are identical to those addressed in *Oregon* and *V.O.S.*—meaning that any final decision in *V.O.S.* and *Oregon* would be binding and control the disposition of this matter. Defendants also explained that the Court has already held it has jurisdiction to entertain these identical disputes. At a minimum, defendants requested that the Court limit briefing to whether this Court possesses jurisdiction to consider this matter.

Defendants represented that they consulted with plaintiffs' counsel, who stated plaintiffs' opposition. Plaintiffs did not file an opposition, but before their response time expired, the Court entered an order staying the case. ECF No. 46.

**II.     Reconsideration Is Unwarranted**

Plaintiffs fail to justify the need for reconsideration. The Court's decision in this case will be governed by the Federal Circuit's decisions in *V.O.S.* and *Oregon*, and this Court has already explicitly held that it has jurisdiction, meaning there is no reason to believe it would change its decision if briefed by plaintiffs in this case.

Under Rule 54(b), the Court may revisit an interlocutory order "as justice requires." *Irwin Indus. Tool Co. v. United States*, 269 F. Supp. 3d 1294, 1300 (Ct. Int'l Trade 2017) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)). When contemplating reconsideration, the Court may consider "whether there has been a controlling or significant

change in the law or whether the court previously 'patently' misunderstood the parties, decided issues beyond those presented, or failed to consider controlling decisions or data." *Id.* at 1300-01 (citations omitted). The movant bears the burden to show "some harm, legal, or at least tangible" would result from denial to reconsider. *Id.* And plaintiffs bear a high burden: the Court should not disturb its ruling unless it is "manifestly erroneous." *Ereğli Demir Ve Çelik Fabrikaları T.A.Ş. v. United States International Trade Commission*, 639 F. Supp. 3d 1245, 1251 (Ct. Int'l Trade 2023).

      1.     Plaintiffs first contend that defendants failed to demonstrate the Government's hardship absent a stay, as required (in their view) by *Landis v. North American Company*, 299 U.S. 248 (1936). Plaintiffs overread *Landis*, which stands first for the basic proposition that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. Specifically, plaintiffs' "argument misconstrues the applicable legal standard, which requires that an applicant for a stay establish 'clear hardship' only where 'there is . . . a fair possibility that the stay for which he prays will work damage to some one else.'" *Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1335 (Ct. Int'l Trade 2013), *as amended* (May 1, 2013) (quoting *Landis*, 299 U.S. at 255). Here, as established below, plaintiffs have not demonstrated "the possibility of any concrete, cognizable harm attendant to the stay," so there was no need for defendants to demonstrate hardship. *Id.* And in any event, the establishment of harm by the movant, and the general principle that litigants should not be "compelled to stand aside" while a litigant in a different case moves forward, are "considerations" that "counsel[] moderation," not "limitations upon power." *Landis*, 299 U.S. at 255. A bright-line rule prohibiting stays whenever a litigant wishes to move forward "is too

mechanical and narrow." *Id.*

Here, it is true, defendants' request for a stay focused on judicial efficiency, noting that the Court has already assessed its own jurisdiction and the merits of plaintiffs' case are identical to those in *V.O.S.* and *Oregon*. Defendants did not focus on their hardship because plaintiffs had raised no "possibility that the stay" would "work damage" to them. *Id.* And defendants see none under these circumstances. Plaintiffs did not ask for a preliminary injunction in either district court or this Court. Nor will they be harmed by waiting for the Federal Circuit's assessment of jurisdiction—if the Federal Circuit affirms this Court in the pending appeals, presumably the Court will enter judgment for plaintiffs here.

Plaintiffs allege harm stemming from the fact that no party in the *V.O.S.* or *Oregon* litigation challenged this Court's jurisdiction. However, the Supreme Court has made clear that "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp*, 546 U.S. 500, 514 (2006). Therefore, it is irrelevant whether the plaintiffs in *V.O.S.* or *Oregon* challenge this Court's jurisdiction. This Court expressly fulfilled this independent obligation in the *V.O.S.* decision, concluding that it "has exclusive jurisdiction to hear this action under 28 U.S.C. § 1581(i)" because "an action involving a challenge to a presidential action that imposes tariffs, duties, or other import restrictions is one that arises from a 'law providing for' those measures." *V.O.S. Selections, Inc. v. United States*, 772 F. Supp.3d 1350, 1365-66 (Ct. Int'l Trade 2025). The Federal Circuit also has an obligation to assure itself of jurisdiction, and the Government explained in its opening brief in the *V.O.S.* appeal why jurisdiction is proper. ECF No. 61 at 29-31 in *V.O.S.*, No. 25-1812 (Fed. Cir.). While it is true that one district court has declined to transfer the identical issue to this Court, three other district courts have clearly determined

jurisdiction lies in this Court, making the issue far from "unsettled." Pl. Mot. at 6.

Indeed, in a subsequent order in the *V.O.S.* case, this Court rejected the *precise* jurisdictional argument plaintiffs advanced in district court (and on which the U.S. District Court for the District of Columbia relied in concluding it had jurisdiction). *Compare* ECF No. 63 in *V.O.S.*, No. 25-00066 (Ct. Int'l Trade) ("This jurisdictional conclusion does not hinge on whether IEEPA authorizes tariffs as a categorical matter."); *with* Plaintiffs' Opposition to Defendant's Motion to Transfer, ECF No. 21 ("[T]he decision on whether IEEPA is a tariff statute and whether [the district court] has jurisdiction to hear the case must rise and fall together."); *and Learning Resources, Inc. v. Trump*, No. 25-1248, 2025 WL 1525376, at *6 (D.D.C. May 29, 2025) ("The jurisdictional question is tantamount to the principal merits question: whether IEEPA authorizes (or 'provid[es] for') tariffs."). Although defendants recognized in the motion that the Court could consider hearing plaintiffs' jurisdictional arguments alone as an alternative, ECF No. 44, the Court's decision granting the stay suggests the Court does not see the need to retread its decision on identical jurisdictional issues in other cases. This is well within the Court's power to control its own docket. *See Landis*, 299 U.S. at 254-55. Therefore, there is no "fair possibility" that the stay will damage plaintiffs, as this Court has already rejected its jurisdictional arguments. *Id*. And if the Federal Circuit agrees with plaintiffs' theory of jurisdiction, then IEEPA would not authorize any tariffs, and plaintiffs would get the relief they seek in short order.

Plaintiffs further allege that one of their merits arguments—that IEEPA does not authorize *any* tariffs—is not represented in the *V.O.S.* and *Oregon* appeal. However, this argument was clearly raised by the state plaintiffs in *Oregon*, *see* ECF No. 14 at 15 in *Oregon*, No. 25-00077 (Ct. Int'l Trade), and has been renewed on appeal, *see* ECF No. 100 at 32 in

*V.O.S.*, No. 25-1812 (Fed. Cir.) ("In the alternative, IEEPA does not authorize the President to impose tariffs at all."). Therefore, plaintiffs' argument is before the Federal Circuit, and plaintiffs have not shown that any of their merits claims would not be fully resolved by the *V.O.S.* and *Oregon* decisions. And, in any event, plaintiffs were free to present that argument (or their jurisdiction arguments) to the Federal Circuit in an amicus brief, as did the plaintiffs in *Princess Awesome*—another IEEPA challenge that was similarly stayed pending the outcome of *V.O.S.* and *Oregon*. ECF No. 97 in *V.O.S.*, No. 25-1812 (Fed. Cir.).[1]

Plaintiffs suggest that any time jurisdiction is an issue, a stay is inappropriate because a stay will always "inflict" the "harm" of which *Landis* warns. Pl. Mot. at 4. But this Court's decision in *Building Systems de Mexico v. United States*, 463 F. Supp. 3d 1344 (Ct. Int'l Trade 2020), stands for no such thing. In *Building Systems*, the Court declined to stay review of an International Trade Commission decision pending a NAFTA panel review of the same. The Court explained that its own ruling could have practical consequences for the plaintiffs—a change in its dumping margin that would affect its cash deposit rate. *Building Systems*, 463 F. Supp. 2d at 1348. The Court also noted that it should not delay the "sometimes-lengthy process" of clarifying and remanding issues to the agency. *Id.* As a final matter, the Court noted that jurisdiction was contested and it would "make[] little sense" to stay a case before assessing whether the challenge was properly before the Court in the first place. *Id.* Here, there are no practical considerations for plaintiffs—the outcome in *V.O.*S. and *Oregon* will unequivocally dictate the outcome here. And although plaintiffs contest jurisdiction, the Court has already

---

[1.] The Federal Circuit issued an order in *V.O.S.* stating that "[a]ny briefs of amicus curiae may be filed without consent and leave of the court." ECF No. 53 at 3 in *V.O.S.*, No. 25-1812 (Fed. Cir.). Counsel for plaintiffs filed an amicus brief on behalf of the New Civil Liberties Alliance. ECF No. 99 in *V.O.S.*, No. 25-1812 (Fed. Cir.).

assessed its jurisdiction for an identical claim and rejected identical jurisdictional arguments, so there is nothing to be gained from litigating the case now.

Finally, plaintiffs allege that they suffer harm to their businesses while the tariffs are in effect, including "lost customers and market share due to tariff-induced price increases." Pl. Mot. at 7. However, these alleged harms flow from the Federal Circuit's stay of the *V.O.S.* injunction, not this Court's stay of this case. ECF No. 51 in *V.O.S.*, No. 25-1812 (Fed. Cir.). The Federal Circuit stayed the injunction even though the *V.O.S.* plaintiffs sought a preliminary injunction based on harms similar to or greater than those plaintiffs raise in this case. *See* ECF No. 24 at 3-7 in *V.O.S.*, No. 25-1812 (Fed. Cir.). Even if this Court were to vacate its stay of proceedings in this case, it could not vacate the Federal Circuit's stay in *V.O.S.* Therefore, plaintiffs' alleged business harms do not warrant reconsideration of the stay because they stem from the Federal Circuit's stay of the *V.O.S.* injunction, not the stay in this case.

2.  Plaintiffs accuse defendants of wanting a stay to "stall[]" litigation to use the tariffs as a negotiating tactic. Pl. Mot. at 10. That is not a fair assessment of how proceedings have unfolded or of the arguments defendants have made. Defendants have argued before this Court and others that a preliminary injunction would adversely affect the President's many ongoing trade negotiations.[2] But defendants have never sought to delay any proceeding for this reason. Just the opposite: defendants have agreed to *expedite* challenges to the IEEPA tariffs in order to enable the Court and the Federal Circuit to consider the issues quickly. *See, e.g.*, ECF No. 52 in *V.O.S.* Appeal, No. 25-1812 (Fed. Cir.) (proposing joint expedited briefing schedule);

---

[2.] Both the Federal Circuit and the U.S. District Court for the District of Columbia have agreed with the national security and foreign affairs concerns we raised, staying injunctions pending appeal. *See* ECF No. 51 in *V.O.S.*, No. 25-1812 (Fed. Cir.); ECF No. 42 in *Learning Resources, Inc. v. Trump*, No 1:25-cv-01248 (D.D.C.).

ECF No. 13 in *V.O.S.*, No. 1:25-cv-00066 (Ct. Int'l Trade) (allowing 11 days to respond to motion for preliminary injunction and summary judgment); ECF No. 18 in *Oregon*, No. 1:25-cv-00077 (Ct. Int'l Trade) (allowing 9 days to respond to motion for preliminary injunction and summary judgment). In *this* case, defendants did not oppose plaintiffs' motion to expedite disposition of the motion to transfer. ECF No. 21 at 29-30. In all, the Government briefed several tariff challenges, in multiple courts, at a breakneck pace, and it is currently briefing several appeals on expedited schedules. The stay in this case, sought by the Government to avoid duplicative and futile briefing of jurisdictional and merits issues that the Court has already decided and the Federal Circuit will soon resolve in a decision that will control in this case, will not delay final resolution of IEEPA tariff claims nor harm plaintiffs in any way.

Rather, the speed at which the *V.O.S.* and *Oregon* appeal is proceeding weighs in favor of the stay. Briefing in those cases is nearly complete, and the en banc Federal Circuit will hear argument on July 31. *See* ECF No. 51 in *V.O.S.*, No. 25-1812 (Fed. Cir.). Therefore, "[b]ecause briefing already has commenced in [*V.O.S.*] and the delay will not continue for an indefinite period, a stay will promote judicial economy and preserve the resources of the parties and the court." *RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1285 (Ct. Int'l Trade 2011).

For these reasons, defendants respectfully request that the Court deny plaintiffs' motion for reconsideration.

| | |
|---|---|
| DATED: July 15, 2025 | Respectfully submitted, |
| OF COUNSEL: | BRETT A. SHUMATE<br>Assistant Attorney General |
| ALEXANDER K. HAAS<br>Director | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
| STEPHEN M. ELLIOTT<br>Assistant Director<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch | PATRICIA M. McCARTHY<br>Director<br><br>/s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director<br><br>/s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office<br><br>/s/ Blake W. Cowman<br>BLAKE W. COWMAN<br>Trial Attorney<br>SOSUN BAE<br>Senior Trial Counsel<br>LUKE MATHERS<br>CATHERINE M. YANG<br>COLLIN T. MATHIAS<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, DC 20044<br>(202) 353-2494<br>Blake.W.Cowman@usdoj.gov<br><br>*Attorneys for Defendants* |